Filed 6/4/25  P. v. Melendez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SALVADOR PATRICK MELENDEZ,<br><br>        Defendant and Appellant. | B334817<br><br>Los Angeles County<br>Super. Ct. No. BA268682 |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin P. Stennis, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————

Salvador Patrick Melendez appeals from an order denying his petition for resentencing under Penal Code section 1172.6.[1] For three independent reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

1. ***The charges, plea agreement, and sentence***

In 2004 the People charged Melendez with the willful, deliberate, premeditated attempted murder of Adam Duran. The People alleged Melendez personally and intentionally discharged a firearm under section 12022.53, subdivision (c) and that he committed the crime for the benefit of, in association with, or at the direction of a criminal street gang. The People also charged Melendez with dissuading three witnesses by force or threat.

At a preliminary hearing in October 2004, Adam Duran testified he was in Fresno Park on the afternoon of July 21, 2004, playing dominoes with his aunt and uncle. Duran exchanged words with two people who were in the bathroom and then he "fought" with them. One of the two people was Melendez. After the fight, Duran looked away, then looked back and saw Melendez pointing a shiny object at him. Duran kind of jumped and started "walking really slowly back." Melendez told Duran to get the fuck out.

Duran walked up the hill to where his aunt and uncle were. He told them what happened and they scolded him. Duran's aunt and uncle went up the block and Duran ran through an alley to try to catch up with them. Duran heard more than three gunshots. He looked back and saw "what seemed to be

---

[1]    References to statutes are to the Penal Code.

2

a male pointing a gun and shooting." Duran "got hit" on the side of his left leg.

At the preliminary hearing, Duran testified, "I just looked back so quick . . . I can't describe the person to you." However, Duran then admitted he'd told a detective that Melendez claimed the name "P Dog," and he had circled Melendez's photo in a six-pack as the person who "shot me with a handgun."

On January 24, 2006, Melendez entered into a plea agreement with the People. The prosecutor agreed to strike the allegation that the attempted murder was willful, deliberate, and premeditated. Melendez pleaded guilty to the charge, admitted he committed the crime for the benefit of a gang, and admitted he personally and intentionally discharged a firearm. Melendez's counsel concurred in his client's plea and stipulated to a factual basis based on the preliminary hearing transcript and the police reports.

In accordance with the plea agreement, the court sentenced Melendez to 29 years in the state prison, calculated as the upper term of nine years for the attempted murder, plus 20 years for the personal discharge of a firearm. The court imposed and stayed the midterm of three years for the gang enhancement. The court dismissed the count for dissuading a witness.

Notwithstanding his plea agreement with the People, Melendez appealed, contending the court violated his rights by declining to again postpone his sentencing (it already had been put over for a month) so he could retain new counsel to assist him in making a motion to withdraw his plea. A different panel of this court rejected that contention and affirmed Melendez's conviction. (*People v. Melendez* (Dec. 13, 2007, B190010) [nonpub. opn.] (*Melendez I*).)

## 2. *Melendez's post-conviction petitions*

Between February and October 2021, Melendez filed three petitions for a writ of habeas corpus. Melendez raised a host of contentions, including ineffective assistance of counsel, insufficient evidence of great bodily injury [*sic*], unauthorized sentence, and "unlawful judicial plea bargaining." The court denied each of Melendez's writ petitions in written orders. In an April 2021 declaration, Melendez claimed he "did not plead guilty to the 20 year gun enhancement and a concurrent criminal street gang enhancement[;] these were imposed by the preponderance of evidence by the trial court." On September 13, 2022, Melendez filed a handwritten petition entitled, "Petition for Dismissal of Enhancement Pursuant to Senate Bill 81." On November 8, 2022, the court denied that petition in a written order.

## 3. *Melendez's "Petition for Recall and Resentence* [sic]"

On January 27, 2023, Melendez filed another handwritten petition entitled, "Petition for Recall and Resentence Pursuant to Senate Bill 81 and Penal Code 1176.2 [*sic*]." The two-page petition asked the court to dismiss Melendez's firearm enhancement under Senate Bill No. 81. While Melendez listed "Penal Code 1176.2 [*sic*]" on the caption of the pleading, his petition contained none of the language specified in section 1172.6. Melendez did not state that the information allowed the People "to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine," that he "accepted a plea offer in lieu of a trial at which [he] could have been convicted of . . . attempted murder," or that he "could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

4

(§ 1172.6, subd. (a)(1)–(3).) Nor did the petition include "[a] declaration by [Melendez] that [he] is eligible for relief under this section, based on all the requirements of subdivision (a)." (§ 1172.6, subd. (b)(1)(A).)

Notwithstanding these deficiencies, the trial court apparently treated the petition as if it were a facially valid section 1172.6 petition. (The court, however, summarily denied Melendez's request for resentencing based on Senate Bill No. 81.) The court appointed counsel for Melendez.

The prosecution filed a response to Melendez's petition. The prosecution contended Melendez is ineligible for section 1172.6 resentencing because he "was not prosecuted as someone who committed another crime, the natural and probable consequences of which was murder or attempted murder"; rather he "was identified as the actual perpetrator of the attempted murder who was the sole person to shoot the victim." The prosecution attached as exhibits a copy of *Melendez I*, the transcript of Melendez's preliminary hearing, and the reporter's transcripts of Melendez's change of plea and sentencing.

Melendez's counsel filed a reply to the prosecution's response. Melendez summarized the facts of the crime:

> "On July 21, 2004, Salvador Melendez and a companion became involved in an altercation with Adam Duran at a park in East Los Angeles. Adam Duran assaulted both men when he believed he was about to be attacked. Salvador Melendez displayed a small handgun and Adam Duran walked away. As he walked away, Adam Duran became aware Salvador Melendez was pursuing him. Adam Duran

5

began to run and heard gunshots. Salvador Melendez shot Adam Duran in the lower left leg."

Counsel contended Melendez's petition "alleges he is eligible for relief" and "the very limited admissible evidence at the prima facie stage does not show petitioner is ineligible for relief as a matter of law."

On September 28, 2023, counsel and Melendez appeared before the court. The court stated it had "reviewed everyone's moving papers." The court asked if anyone wished to be heard any further before the court ruled. Defense counsel replied, "Your Honor, I submit on my filing." The prosecutor submitted as well. The court then stated, "Upon review of the plea transcript, the information, the court minute orders and the motions filed by any party, and without the court engaging in any fact finding, weighing [of] evidence or exercise of discretion, the court finds the petitioner has failed to meet his burden of making a prima facie case, and the petition is respectfully denied."

On September 29, 2023, the court issued a more detailed written ruling. The court took its "statement of facts" from *Melendez I*. Citing *People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*), the court noted the prima facie inquiry is limited and the trial court should not engage in factfinding involving the weighing of evidence or the exercise of discretion. However, the court continued, the court may deny a petition at the prima facie stage if the petitioner is ineligible for relief as a matter of law. The court stated its review of "the preliminary hearing transcript, court minute orders, charging documents and plea transcript show that the petitioner was not charged as

an aider or abettor, was not charged under the natural and probable consequences doctrine but was charged as the person who directly committed the attempted murder while in possession of and shooting a firearm striking the victim. The petitioner pled to the attempted murder and admitted the allegation that he personally discharged the firearm."

The court concluded: "The court did not decide unresolved factual issues that involve credibility determinations or weighing of evidence. Instead, the record shows that petitioner is not eligible for relief as a matter of law. All the court records show that the petitioner was charged with personally firing a gun and striking the victim and that was what the petitioner pled to."

## DISCUSSION

### 1. *Section 1172.6*

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony murder rule. (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986; *Lewis, supra,* 11 Cal.5th at pp. 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Senate Bill 1437 also provided an avenue for a person convicted under the former law to petition the sentencing court to vacate his conviction and be resentenced if he could no longer be convicted under the amended law. (*People v. Strong* (2022) 13 Cal.5th 698, 708–709; *Lewis*, at pp. 959–960.) Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, extended resentencing eligibility to individuals convicted of attempted murder under the natural and probable consequences doctrine. (Stats. 2021, ch. 551, § 1(a).) Section 1172.6 "applies by its terms only to attempted

7

murders based on the natural and probable consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner if requested. (*Lewis*, *supra*, 11 Cal.5th at pp. 962–963; see § 1172.6, subd. (b)(1)(A), (3).) The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing that he is entitled to relief. (§ 1172.6, subd. (c).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, the court takes the petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his factual allegations were proved. If so, the court must issue an order to show cause. (*Lewis*, *supra*, 11 Cal.5th at p. 971; see *People v. Curiel* (2023) 15 Cal.5th 433, 463–464.) The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at pp. 971–972; *People v. Patton* (2025) 17 Cal.5th 549, 563 (*Patton*) ["after the appointment of counsel, a court looks beyond the face of the petition"]; *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972; *Patton*, at p. 563.) But if the record, including the court's own documents, contains facts refuting the allegations made in the petition, the court is justified

8

in making a credibility determination adverse to the petitioner. (*Lewis*, at p. 971; *Patton*, at p. 564.)

**2.**     ***We affirm the trial court's denial of Melendez's petition on three separate and independent grounds***

Melendez's appeal fails for three reasons.

First, Melendez never has filed a petition that complies with the requirements of section 1172.6. Melendez's January 2023 "Petition for Recall and Resentence Pursuant to Senate Bill 81 and Penal Code 1176.2 [*sic*]" contains none of the allegations that section 1172.6 requires, much less a sworn statement of those allegations. We could affirm the trial court's order on this ground alone.

Second, Melendez's statement of facts in his reply in the trial court admitted he shot Duran. It said nothing about any other perpetrator nor did Melendez allege he was merely an accomplice. On appeal, Melendez's counsel asserts that "brief statement of facts" "should be read as providing the superior court with a summary of the evidence presented at appellant's preliminary hearing, not as an admission to the truth of any of that evidence." As authority for that proposition, Melendez cites *People v. Williams* (2024) 103 Cal.App.5th 375, 382. However, our Supreme Court disapproved *Williams* in *Patton*. (*Patton*, *supra*, 17 Cal.5th at p. 565, fn. 8.)

Melendez also argues that, "[t]o the extent" "trial counsel's briefing constitutes an admission regarding facts that show that appellant is ineligible for resentencing, appellant has been deprived of his right to the effective assistance of counsel." We don't know what to make of this assertion. Melendez offers no facts to support his counsel's apparent suggestion that

9

someone else shot Duran.[2] His trial counsel's straightforward summary of facts in the trial court should be commended as—in Justice Jenkins's words—"the 'frankness' [citation] due our trial courts so they can effectively screen out and 'distinguish . . . clearly meritless petitions.' " (*Patton*, *supra*, 17 Cal.5th at p. 566.)

Third, in any event, the record of conviction here conclusively establishes Melendez is ineligible for section 1172.6 relief as a matter of law. Duran testified at the preliminary hearing that Melendez is the person who shot him in the leg. "[T]he record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea." (*Patton*, *supra*, 17 Cal.5th at p. 568, citing *People v. Reed* (1996) 13 Cal.4th 217, 223.) "[R]esolution of the prima facie inquiry in [Melendez's] case did not call for resolution of a factual dispute . . . . Rather than resolving a contested factual dispute, statements within [Melendez's] preliminary hearing transcript contributed specific factual assertions about his conviction—namely, that it was premised on him being the sole shooter." (*Patton*, at pp. 568–569.)

In short, the preliminary hearing transcript disqualifies Melendez from resentencing "because it reflect[s] he was the sole and direct perpetrator of the shooting such that his conviction

---

[2] See *Patton*, *supra*, 17 Cal.5th at pp. 556–557, 567 [affirming summary denial of petition where petitioner had not even suggested what facts might demonstrate he was not the shooter and his conviction was tainted by an invalid theory; "petitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail"].

10

was not based on the natural and probable consequences theory." (*Patton, supra,* 17 Cal.5th at p. 563; see generally *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, citing § 1172.6, subd. (a) [as petitioner was the "only participant in the killing," he was not convicted under an invalid theory and could not have made a prima facie showing of relief].)  Melendez's admission to the section 12022.53, subdivision (c) enhancement for personal and intentional discharge of a firearm in the commission of the attempted murder tended to corroborate this view.  (*Patton,* at p. 563.)

## DISPOSITION

We affirm the trial court's denial of Salvador Patrick Melendez's petition for resentencing under section 1172.6.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EGERTON, J.

We concur:



EDMON, P. J.



ADAMS, J.


11